# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PNC BANK, NATIONAL ASSOCIATION,

       Plaintiff,

    v.                                **Case No. 21-CV-626**

UNITED STATES MANUFACTURED PRODUCTS, LLC, et al.,

       Defendants.

## DECISION AND ORDER

PNC Bank seeks to collect on a loan it made to United States Manufactured Products, LLC (USMP). USMP's members, Steven Brien and Raymond Brien, personally guaranteed the loan and thus are included as defendants.

The defendants have moved to dismiss this action for lack of personal jurisdiction. They also, alternatively, appear to seek dismissal under 28 U.S.C. § 1404(a). (ECF No. 6.) However, § 1404(a) does not authorize dismissal. Rather, it authorizes transfer of the action to a different venue. It is unclear if the defendants misunderstand § 1404 or if they are actually seeking a transfer of this action to another district. The former seems more likely because they do not identify a district to which the court should transfer the action.

PNC responded to the defendants' motion. (ECF No. 7.) The defendants have not replied.

All parties have consented to have a magistrate judge preside in this matter. (ECF Nos. 5, 8.) The court has subject matter jurisdiction based on the diversity of the citizenship of the parties. 28 U.S.C. § 1332(a). PNC is a citizen of Pennsylvania. (ECF No. 1, ¶ 1); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006)). Steven Brien is a citizen of Illinois. (ECF No. 1, ¶ 3.) Raymond is a citizen of Florida. (ECF No. 1, ¶ 4.) As a limited liability company, USMP has the citizenship of its two members, the Briens. As such, USMP is a citizen of Illinois and Florida. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

The question of personal jurisdiction begins with the laws of the state in which the federal district court sits. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); *see also* Fed. R. Civ. P. 4(k)(1)(A). "Under Wisconsin law, the jurisdictional question has two components. First, the plaintiff must establish that the defendants come within the grasp of the Wisconsin long-arm statute." *Steel Warehouse v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). "If the plaintiff is successful, the burden switches to the defendants to show that jurisdiction would violate due process." *Id.* "Wisconsin presumes its long-arm statute merely codifies the federal due process requirements[.]" *Logan Prod., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996) (citing *Lincoln v. Seawright*,

104 Wis. 2d 4, 10, 310 N.W.2d 596, 599 (1981) ("Sec. 801.05 was drafted to attempt to codify the minimum contacts sufficient to comport with a defendant's right to due process.")).

According to the complaint, USMP is a Wisconsin limited liability company. Therefore, the court has personal jurisdiction over it pursuant to Wis. Stat. § 801.05(1)(c).

Steven and Raymond Brien are the members of USMP. (ECF No. 1, ¶ 2.) They are each identified as "Member/Manager" of USMP on the relevant security agreement, which is appended to the complaint. (ECF No. 1-2 at 9.)

A Wisconsin court has personal jurisdiction "[i]n any action against a defendant who is or was an officer, director or manager of a domestic corporation or domestic limited liability company where the action arises out of the defendant's conduct as such officer, director or manager or out of the activities of such corporation or limited liability company while the defendant held office as a director, officer or manager." Wis. Stat. § 801.05(8). In effect, by virtue of Wis. Stat. § 801.05(8), a manager of a Wisconsin limited liability company is deemed to have consented to specific jurisdiction of Wisconsin courts for claims related to their actions as managers of the LLC. *See Westgate Prods., LLC v. Edwards*, No. 19-C-247, 2019 U.S. Dist. LEXIS 95951, at *6 (E.D. Wis. June 7, 2019); *Kubin-Nicholson Corp. v. Gillon*, 525 F. Supp. 2d 1071, 1074 (E.D. Wis. 2007). Thus, based on the allegations of the complaint, where the claims against the Briens relate to

3

their conduct as managers of USMP, Wis. Stat. § 801.05(8) gives the court personal jurisdiction over them.

The defendants do not raise any due process argument. Therefore, the court need not consider that issue.

As noted, it is unclear whether the defendants are alternatively seeking to dismiss this action pursuant to 28 U.S.C. § 1404(a) or to transfer this action to another district. To the extent they are seeking dismissal pursuant to § 1404(a), they misunderstand that statute. 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] '… case-by-case consideration of convenience and fairness.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Id.* at 978 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988)). "With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in

each forum." *Id.* "Other related factors include the location of material events and the relative ease of access to sources of proof." *Id*.

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Id*. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id.* (citations omitted).

The defendants' argument is simply that the Eastern District of Wisconsin is not a proper venue; they do not argue what district is a proper venue. They seem to suggest Pennsylvania, New York, or Illinois (without specifying which district or division of each), as well as the Eastern District of Michigan, Detroit Division might be proper venues, although they never expressly state that. (ECF No. 6 at 3.) The defendants suggest that their contract may support venue in a different district, but they note that the contract is unclear. (ECF No. 6 at 4.)

The defendants state that USMP is no longer in operation and its records are now stored at Steven's home in Illinois. If this matter were to proceed to trial, the defendants anticipate calling nine witnesses, at least four of whom "are located out of state." (ECF No. 6 at 4.) They assert that a judgment would not be enforceable against the defendants in Wisconsin as they have no property or assets in the state. (ECF No. 6 at 4-

5.) They contend that they would suffer "excessive hardships" if forced to litigate in Wisconsin. (ECF No. 6 at 5.) They note that Steven suffered a stroke and Raymond lives 1,500 miles away. (ECF No. 6 at 5.) The defendants do not offer any substantive argument that the interests of justice favor transfer to another venue. (ECF No. 6 at 6.)

Venue is clearly proper in this district. Significantly, it is unclear if any other district would have personal jurisdiction over all the defendants. Thus, to the extent the defendants may be seeking a transfer to another district, they fail at the first step of showing that there is another "district or division where [this action] might have been brought."

Beyond that, although Steven lives in Illinois (in the Western Division of the Northern District), according to Google Maps his home appears to be a little over a mile south of the Wisconsin border and about 90 minutes from the federal courthouse in Milwaukee. That means he is closer to the Milwaukee courthouse than many persons who live in the district.

Although Raymond lives in Florida, with direct flights between Southwest Florida International Airport and Milwaukee's Mitchell International Airport, it is arguably easier to travel from Florida to the federal courthouse in Milwaukee than to the federal courthouse in Rockford, Illinois, which would be the forum if this matter were transferred based on Steven's residence.

6

While the defendants state that four witnesses are located out of state, that means five—a majority—are in Wisconsin. Presuming that the Briens are two of the four witnesses who are out of state, one is literally within walking distance of Wisconsin and the other likely would need to travel a significant distance even if the court found any of the other implied venues more appropriate. The defendants do not state where the other two prospective witnesses live.

Even setting aside the defendants' fatal failure to demonstrate that this action may have been brought in another district (and their failure to identify which district is purportedly more convenient), on balance this district is an appropriately convenient venue for this action. Accordingly, the court must deny the defendants' motion to dismiss or transfer this action.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 6) is **denied**.

Dated at Milwaukee, Wisconsin this 9th day of September, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge